IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASMIN ROLLING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WES HEALTH SYSTEM | : | NO. 25-1211 |

# MEMORANDUM

**Padova, J.** **November 5, 2026**

Plaintiff Jasmin Rolling has brought this employment discrimination action pro se against her former employer, WES Health System ("WES"). In her Second Amended Complaint, Plaintiff asserted claims against WES for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. §§ 12112 et seq. (the "ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (the "FMLA"). On March 30, 2026, we granted WES's Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing some claims with prejudice and others without prejudice. We also granted Plaintiff leave to file a third amended complaint with respect to the claims that we dismissed without prejudice. Plaintiff has now filed a Motion for Reconsideration, asking that we also allow her to amend some of the claims that we dismissed with prejudice.[1] For the reasons that follow, we deny Plaintiff's Motion for Reconsideration.

---

[1] Plaintiff brought the instant Motion pursuant to Federal Rules of Civil Procedure 54(b) and 59(e). Rule 59(e) pertains only to motions to alter or amend a judgment. Since our March 30, 2026 Order did not enter judgment, it cannot be the subject of a Rule 59(e) motion. We therefore treat the instant Motion as a motion for reconsideration pursuant to Rule 54(b) and Local Rule of Civil Procedure 7.1(g). Defendant asks us to dismiss the instant Motion because it was brought after the expirations of Rule 7.1(g)'s 14-day limitations period for bringing a motion for reconsideration, but we decline to do so because Plaintiff is pro se and brought the instant motion within the time permitted for a Rule 59(e) motion. See Fed. R. Civ. P. 59(e) (stating that "[a]

## I. BACKGROUND

Plaintiff, who is an African American woman, was employed by WES Health System for six years. (2d Am. Compl. at 3; Pl.'s Charge of Discrimination ("Charge"),[2] Docket No 10-1, at 1.) Her Second Amended Complaint alleges that she experienced hostile work environment discrimination based on her sex and race in violation of Title VII beginning in May 2018 and continuing through April 2024. (See 2nd Am. Compl. at 1-3, Charge at 1-4.) It also alleges that she experienced pregnancy discrimination in violation of the ADA and a pregnancy related violation of the FMLA in 2020. (See 2d Am. Coml. at 1, 3; Charge at 2-3.) The Second Amended Complaint also alleges that Plaintiff experienced disparate treatment discrimination based on her sex, pregnancy, and race in violation of Title VII in 2020, 2023, and 2024. (See 2d Am. Compl. at 1, 3; Charge at 3-4.)

## II. LEGAL STANDARD

"'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014)) (alteration in original) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Moreover, "'[a] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" Dorman Prods., Inc. v. Cardello, Civ. A. No. 25-4249, 2026 WL 2187688, at *1 n.1

---

motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

[2] The allegations of fact underlying Plaintiff's claims are found the Charge that she filed with the Pennsylvania Human Relations Commission on December 9, 2024, and attached to the Second Amended Complaint. (2d Am. Compl. at 3.)

(E.D. Pa. Jan. 13, 2026) (quoting In Re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (internal quotation omitted). "'The moving party bears a substantial burden, which cannot be satisfied through recapitulation of the cases and arguments considered by the court before rendering its original decision.'" Id. (quoting United States v. Cephalon, Inc., 159 F. Supp. 3d. 550, 555 (E.D. Pa. 2016) (internal quotation omitted). "Therefore, '[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration.'" Id. (alterations in original) (quoting Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d. 485, 487 (E.D. Pa. 1999)). Reconsideration may be granted if the party moving for reconsideration establishes of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." U.S. ex rel Schulman, 769 F. 3d at 848-49 (quoting Max's Seafood Café, 176 F.3d at 677). Moreover, because our March 30, 2026 order was an interlocutory order, we may also "permit reconsideration" if it is "'consonant with justice to do so.'" Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (quoting St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co., 472 F.Supp.2d 630m 632 (M.D. Pa. 2007); see also Coulston v. City of Philadelphia, Civ. A. No. 23-4077, 2025 WL 2735347, at *3 (E.D. Pa. Sept. 25, 2025) ("A district court may reconsider interlocutory orders 'when it is 'consonant with justice to do so.'" (quoting Am. Guarantee & Liab. Ins. Co. v. Fojanini, 99 F. Supp. 2d 558, 560-61 (E.D. Pa. 2000)). Plaintiff asks us to reconsider our March 30, 2026 Order granting Defendant's Motion to Dismiss on the ground that we committed errors of law.

## III. DISCUSSION

We granted the Motion to Dismiss with prejudice with respect to Plaintiff's claims of discrimination in violation of Title VII and the ADA to the extent that those claims were based on

incidents that occurred prior to October 2023 because those claims are barred by the relevant statutes of limitations. We also granted the Motion to Dismiss with prejudice with respect to Plaintiff's FMLA claim because that claim is also barred by the applicable statute of limitations. Plaintiff argues that we committed errors of law with respect to our dismissal of her Title VII claim to the extent that it is based on actions that occurred prior to October 2023 because these aspects of her Title VII claim are based on continuing violations of her rights and are thus not barred by the statute of limitations. Plaintiff also argues that we erred by ignoring her claim that she experienced discrimination related to her pregnancy in 2020 that violated Title VII.

A. The Continuing Violations Doctrine

As we discussed in our March 30, 2026 Memorandum, before filing a lawsuit including claims for violation of Title VII, a plaintiff must file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred," if the charge is dual filed with the EEOC and the state. 42 U.S.C. § 2000e-5(e)(1). "'[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165 (3d Cir. 2013) (alteration in original) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). "A discrete act in itself constitutes a separate actionable unlawful employment practice." Id. (citing Morgan, 536 U.S. at 114). "Discrete acts include, for example, 'termination, failure to promote, denial of transfer, or refusal to hire.'" Id. (quoting Morgan, 536 U.S. at 114). Plaintiff dual filed her Charge with the Pennsylvania Human Relations Commission and the EEOC on December 9, 2024 (see Charge at 1), so any Title VII claims based on discrete discriminatory acts that occurred before February 13, 2024, are time barred.

The Second Amended Complaint alleges that Plaintiff was subjected to disparate treatment and hostile work environment discrimination based on her race and sex in violation of Title VII beginning in the fall of 2018. We granted WES's Motion to Dismiss with prejudice with respect to Plaintiff's Title VII claims based on discriminatory acts that occurred prior to October 2023, finding them to be time-barred. Plaintiff argues that we erred in dismissing those aspects of her Title VII claims as untimely, maintaining that the allegedly discriminatory conduct was part of a continuing violation. The "continuing violation doctrine . . . allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice." Morgan, 536 U.S. at 107 (quotation omitted). "Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim; such acts 'can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period.'" Mandel, 706 F.3d at 165 (quoting O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006)); see also Oliver v. Clinical Pracs. of Univ. of Pa., 921 F. Supp. 2d 434, 443-46 (E.D. Pa. 2013) (examining the application of the continuing violation doctrine to disparate treatment discrimination claims).

We discussed the continuing violations doctrine at length in our March 30, 2026 Memorandum. Rolling v. WES Health System, Civ. A. No. 25-1211, 2026 WL 912647, at *6-7 (E.D. Pa. Mar. 30, 2026). We determined that the doctrine did not apply to Plaintiff's claims arising from incidents that predated October 2023 because none of those incidents are alleged to be connected to conduct after October of 2023.[3] See id. Indeed, with the exception of allegations that Defendant failed to promote Plaintiff in 2020 and 2023, none of the pre-October of 2023

[3] We found that the alleged discriminatory acts that began in October 2023 were sufficiently alleged to be part of violations of Title VII that continued after February 13, 2024, that they were not time barred. See Rolling, 2026 WL 912647, at *7.

incidents concern the same subject matter as later events. Moreover, Defendant's failure to promote Plaintiff in 2020 and refusal to promote Plaintiff in 2023 are clearly discrete acts that were separately actionable at the time that they occurred and thus are not part of a continuing violation. See Morgan, 536 U.S. at 114. We therefore conclude that we did not err as a matter of law by declining to apply the continuing violations doctrine to Plaintiff's Title VII claims to the extent that those claims are based on conduct that occurred prior to October 2023, and we deny the Motion for Reconsideration with respect to this argument.

B. Pregnancy Discrimination

Plaintiff argues that we erred as a matter of law by ignoring her claim of pregnancy discrimination. She specifically claims that we failed to acknowledge that the Second Amended Complaint alleges that she was passed over for a promotion in 2020 and subjected to harassment because of her pregnancy and later, her postpartum status. However, contrary to Plaintiff's assertion, the Second Amended Complaint does not allege that Plaintiff was passed over for promotion in 2020 because of her pregnancy and postpartum status. As we understand the Second Amended Complaint, it asserts pregnancy-related claims for "failure to reasonably accommodate [Plaintiff's] disability" and "[f]ailure to accommodate Pregnancy/FMLA & Hostile Work Environment." (2d Am. Compl. at 3.) The only factual allegations related to Plaintiff's pregnancy in the Second Amended Complaint and the attached Charge pertain to Defendant's initial failure to allow her take FMLA leave related to her pregnancy and remarks made by Plaintiff's supervisor shortly after Plaintiff's return to work from maternity leave, which suggest that Plaintiff's coworker was the father of Plaintiff's baby. (See Charge at 2-3.) While Plaintiff contends in her Motion for Reconsideration that she was denied a promotion in 2020 because of her pregnancy and mentions the pregnancy-related status of individuals who she contends were treated differently

than she was with respect to promotions, this pregnancy-related information does not appear in her Second Amended Complaint and attached Charge. (Compare, Mot. for Reconsideration at 5 with Charge at 2-3.) We therefore conclude that we did not fail to acknowledge any asserted claim that Plaintiff was denied a promotion because of her pregnancy. Moreover, any claim that WES failed to promote Plaintiff because of her pregnancy would be barred by the statute of limitations because the now-alleged failure to promote occurred in 2020.

Furthermore, we did consider the allegations of fact in Plaintiff's charge related to her claim that she was subjected to harassment related to her pregnancy, i.e, the October 2020 remarks made by Plaintiff's supervisor shortly after Plaintiff returned to work from her maternity leave suggesting that Plaintiff's coworker was the father of her baby. See Rolling, 2026 WL 912647, at *2 (citing Charge at 2-3). That conduct occurred prior to October 2023, and to the extent that Plaintiff's Title VII hostile work environment claim is based on that conduct, we concluded that it is barred by the statute of limitations. We further conclude, accordingly, that we did not err as a matter of law with respect to any claim that Plaintiff experienced discrimination in violation of Title VII related to her 2020 pregnancy, and we deny the Motion for Reconsideration with respect to this argument.

C. Other Arguments

Plaintiff contends that we erred by failing to apply the doctrine of equitable tolling to preserve her Title VII claims that are based on actions that took place prior to October 2023. "Equitable tolling is generally appropriate in Title VII cases only when 'the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum.'" Carter v. Keystone, 360 F. App'x 271, 272-73 (3d Cir. 2010) (per curiam) (quoting Seitzinger v. Reading

Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir.1999)). "Plaintiff bears the burden to show that equitable tolling is warranted." Id. at 273 (citing Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005)). Plaintiff has not argued, much less satisfied her burden of showing, that Defendant actively misled her, that she was somehow prevented from asserting her rights, or that she brought Title VII claims related to conduct that occurred prior to October 2023 within the limitations period, but in the wrong forum. Consequently, Plaintiff has not shown that equitable tolling applies to her Title VII claims arising from pre-October 2023 conduct, and we deny the Motion for Reconsideration with respect to this argument.

Plaintiff also argues that we erred by failing to consider the legal standards governing her claims. However, Plaintiff's argument in this regard merely consists of a list of case names, without citation and with, at most, several words setting forth what we assume are the legal standards on which Plaintiff relies. This argument fails to explain the manner in which these opinions apply to Plaintiff's claims or explain why she believes these opinions support her argument that we committed legal errors. Plaintiff's argument is thus unpersuasive. Moreover, the mere listing of case names, without reference to the reporter in which these opinions may be found or the precise location in these opinions in which the purported legal standards appear is insufficient to satisfy Plaintiff's burden to establish that reconsideration is necessary in this case. See Dorman Prods., 2026 WL 2187688, at *1 n.1 (noting that "[t]he moving party bears a substantial burden" in connection with a motion for reconsideration (quotation omitted)).[4] We therefore deny the Motion for Reconsideration to the extent that it is based on this argument.

[4] It appears that Plaintiff may have relied on some form of artificial intelligence to write her Motion for Reconsideration and formulate her arguments. We do not have a policy barring the use of artificial intelligence. However, even though Plaintiff is an unrepresented party, she must comply with Federal Rule of Civil Procedure 11, which provides as follows: "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later

Plaintiff also complains that we have ignored facts supporting her claims. To support her position, Plaintiff includes information that does not appear in her Second Amended Complaint or in her Charge. We cannot rely on Plaintiff's references to facts that do not appear in her Second Amended Complaint or Charge to support her position that we ignored crucial allegations of fact in granting the Motion to Dismiss. We therefore deny the Motion for Reconsideration with respect to this argument.

Plaintiff also argues that we improperly ignored facts related to the health impact of the discrimination and harassment she suffered. However, we granted the Motion to Dismiss for reasons that had nothing to do with whether the Second Amended Complaint sufficiently alleged that she had suffered an adverse employment action or was detrimentally affected by discrimination and harassment in her workplace. We granted the Motion to Dismiss as to Plaintiff's ADA and FMLA claims and as to portions of Plaintiff's Title VII claims because those claims were time barred. See Rolling, 2026 WL 912647, at *7. We granted the Motion to Dismiss with respect to the remainder of Plaintiff's Title VII disparate treatment claim because the Second Amended Complaint and Charge did not plausibly allege that Plaintiff's constructive discharge

---

advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b). Thus, Plaintiff must check the opinions on which she relies to ensure that those cases actually support her arguments and must provide the Court with full citations to those opinions, including the page numbers within those opinions on which she relies. For example, Plaintiff cites Williams v. General Motors Corp. on page six of her Motion. Her citation of this opinion does not contain the name of the reporter in which it appears, the volume of that reporter, or the page number on which the opinion is published. It also does not contain a citation to any version of that opinion that appears on Westlaw, LEXIS, or elsewhere on the internet. We have identified no Supreme Court opinions, or opinions of the United States Court of Appeals for the Third Circuit, or opinions of district courts within the Third Circuit with this name that contain the holdings that Plaintiff ascribes to that opinion. Consequently, Plaintiff's citation to Williams v. General Motors Corp. provides no support for her argument.

"occurred under circumstances that could give rise to an inference of intentional discrimination." Id. at *9 (quotation omitted). We dismissed the remainder of Plaintiff's Title VII hostile work environment claim because the Second Amended Complaint and Charge did not plausibly allege that "Hopper [and] the IBHS Directors were motivated by animosity towards Plaintiff based on her race or sex." Id. at *10. We dismissed Plaintiff's retaliation claim because the Second Amended Complaint and Charge failed to plausibly allege that Plaintiff engaged in protected activity during the limitations period. Id. We therefore deny the Motion for Reconsideration as to this argument.

## III. CONCLUSION

For the reasons stated above, we conclude that we did not err as a matter of law with respect to our March 30, 2026 Memorandum and Order granting WES's Motion to Dismiss the Second Amended Complaint and dismissing with prejudice Plaintiff's claims that are based on actions that took place prior to October 2023. Thus, we dismissed Plaintiff's FMLA and ADA claims in their entirety with prejudice because they are based exclusively on discrete acts that occurred prior to October 2023. We also dismissed Plaintiff's Title VII claims with prejudice to the extent that those claims are based on discrete acts that occurred prior to October 2023. However, in our March 30, 2026 Memorandum and Order, we granted Plaintiff a final opportunity to amend her complaint to state facially plausible Title VII disparate treatment, hostile work environment, and retaliation claims based on conduct that took place beginning in October 2023. She may still file a third amended complaint that plausibly states those claims. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.